ORIGINAL

Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2009 JUN 19 AM 9: 38

CLERK OF COURT
BY

**IN THE SUPERIOR COURT
OF GUAM**

| | |
|---|---|
| PEOPLE OF GUAM, | Criminal Case No. CF0520-07 |
| Plaintiff, | |
| v. | **DECISION AND ORDER** re: motion to reconsider |
| ARIC CRAIG BORJA GARCIA, | |
| Defendant. | |

This matter came before the Honorable Judge Michael J. Bordallo on June 5, 2009. The People were represented by Assistant Attorney Jonathan Luke. Defendant was represented by Attorney Jane L. Kennedy. Having reviewed the memorandum and papers presented, the court now issues the following decision denying Defendant's motion for reconsideration.

## BACKGROUND

On November 1, 2007, Defendant was indicted for Possession of a Schedule II Controlled Substance, a 3rd Degree Felony and Speeding, as a Petty Misdemeanor. The indictment arises out evidence obtained from the roadside search of a vehicle Defendant was driving on October 31 when he was stopped for speeding. While the officer was conducting a traffic stop he testified that he observed suspected methamphetamine in plain view inside the Defendant's vehicle. On March 12, 2008, upon motion of the Defendant a suppression hearing was held where the Defendant introduced testimony that it was physically impossible for the arresting officer to have established any legal cause for the search. In its decision and order on this matter the court found,

> [a]fter considering the arguments of both parties, the Court finds that suppression is not warranted. The Court bases it ruling on the testimony of Officer Ogo, which indicated that when Garcia turned on the dome light of his vehicle to grab his vehicle registration, Officer Ogo notice a clear plastic straw in the center console cup holder.



. . .

> Although the testimony of Mr. Taimanao was presented to rebut Officer Ogo's assertion that he was able to see the straw in the cup holder, the Court find Mr. Taimanao's testimony to be unpersuasive.

*People v. Garcia*, Criminal No. CF0520-07, *Decision and Order denying motion to suppress*, (March 25, 2008).

## DISCUSSION

Defendant requests that the court reconsider its March 25, 2009. In support of his argument he argues that the court must have misunderstood the testimony because it was impossible for Officer Ogo's testimony to be true. Defendant in his motion cites no rule or standard which permits or governs his request. Moreover his arguments are not supported by any binding or persuasive law in this jurisdiction or another.

The People oppose the Defendants motion. In their memorandum in opposition the People argue that the Defendant failed to comply with the standard set forth by the Guam Supreme Court for reconsideration. They argue that the motion should therefore be disallowed under for failure to show clear error, new evidence or a change in controlling law.

In Guam criminal motions to reconsider are permitted and regulated by Rule 7.1(i) of the Local Rules of The Superior Court of Guam, Civil Rules.[1] Super. Ct. Guam Rules 1.1 and 7.1(i) (2008). Rule 7.1 provides,

> A motion for reconsideration of the decision on any motion may be made only in accordance with the Guam Rules of Civil Procedures. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

*Id.* at 7.1(i). In a 2005 criminal case the, Guam Supreme Court, citing a holding from a

---

[1] Rule 1.1 of the same rules applies the local rules to the criminal actions. Super. Ct. Guam Rule 1.1 (2008).

previous civil case, explained that "'[t]his court has adopted three prongs to justify reconsideration: where the trial court: (1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *People of Guam v. Gutierrez*, 2005 Guam 19, ¶31 (Sup. Ct. Guam 2005) citing, *Petition of Quitugua v. Flores*, 2004 Guam 19, ¶ 38 (Sup. Ct. Guam 2004). In a criminal hearing the trial court's findings of fact and determinations of credibility by which it is persuaded as to the truth or falsity of the testimony of a witness are within the court's sole discretion. *People of Guam v. Santos*, 1999 Guam 1, ¶32 (Sup. Ct. Guam 1999). Moreover in a suppression hearing, "Once a defendant has met its burden of sufficiency, the Government then bears the burden of showing by a preponderance of the evidence the legality of its actions. *U.S. v. Alexander*, 589 F.Supp.2d 777, 790 (E.D. Tex. 2008); see, *Colorado v. Connelly*, 479 U.S. 157, 158 (1986)(as applied to a *miranda* waiver); see, *U.S. v. Vanvliet*, 542 F.3d 259, 266 (1st Cir. 2008) (as applied to a consent search).

In this case the court is unpersuaded that the Defendant has presented any issue for which a motion to reconsider may be grounded. It appears from the record on file that the Defendant is re-arguing issues raised at the suppression hearing which were adequately considered by the court and found to be unpersuasive and the testimony not credible. Absent some authority allowing further reconsideration and supporting a clear error reversal, the court is unable to grant Defendant's motion.

## CONCLUSION

For the reasons above Defendant's motion to reconsider is denied.

SO ORDERED this 19 day of June 2009.

_____
Honorable Michael J. Bordallo
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.
Dated at Hagatna, Guam.

JUN 1 9 2009

Ryan T. Balajadia
Deputy Clerk, Superior Court of Guam

Page -3-